Rory C. Leisinger, Esq. (SBN: 277476)
Leisinger Law, LLP
4519 Los Feliz, #304
Los Angeles, CA 90027
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
TINA BROUSSARD

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **TINA BROUSSARD,** | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **CREDIT ONE BANK,** | **AND** |
| Defendant. | **JURY TRIAL REQUEST** |

Plaintiff, TINA BROUSSARD, on behalf of herself (hereinafter "Plaintiff"), by and through her undersigned attorneys, alleges against the Defendant, CREDIT ONE BANK (hereinafter "Defendant") as follows:

**PRELIMINARY STATEMENT**

1.      This is an action for damages arising from Defendants' violations of 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act (hereinafter "TCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code § 1788 *et seq*.

**JURSIDICTION AND VENUE**

2.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. §1692k(d) and supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this district under 28 U.S.C § 1391(b).

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in the in the City of Elk Grove, Sacramento County, California.

5. Defendant is a corporation doing business in the State of California, with its corporate address as 585 Pilot Road, Las Vegas, Nevada 89119.

## FACTUAL STATEMENT

6. Plaintiff obtained a credit card through Defendant on March 3, 2014.

7. Plaintiff fell behind on her payments at some point thereafter, but made a payment of three hundred dollars on August 14, 2014, which brought the account up to date.

8. Under the belief that a balance was still due on the account, Defendant started making collection calls to Plaintiff on January 26, 2015.

9. When Plaintiff would answer telephone calls from Defendant, the line would ring and then be transferred to a representative from Defendant.

10. As the calls started to come with incredible frequency, Plaintiff asked for the calls to stop.

11. Plaintiff would repeatedly ask for the telephone calls from Defendant to cease, but to no avail.

12. On February 19, 2015, Plaintiff called Defendant and asked once again for the telephone calls to stop.

13. In response to the February 19, 2015 telephone call to Defendant, Plaintiff stopped receiving calls for approximately one month.

14. However, beginning on March 24, 2015, Plaintiff started to receive telephone calls from Defendant once again, often as many as 10 times per day.

15. All in all, from January 26, 2015 to the present, Plaintiff has received a minimum of 290 auto dialer calls from Defendant from various different telephone numbers belonging to Defendant.

16. Defendant would change the telephone numbers it was calling Plaintiff from on a daily basis.

17. Plaintiff received the calls from Defendant on Plaintiff's cell phone number ending in 3352.

18. Plaintiff revoked any consent that may have existed to receive telephone calls from Defendant by repeatedly and consistently asked Defendant to stop calling her on the alleged delinquency on her account.

19. Defendant's telephone calls were made using an automated telephone dialing system.

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227**

20. Plaintiff Tina Broussard repeats the allegations contained in paragraphs 1 through 19 and incorporates them as if set forth at length herein.

21. All telephone calls to Plaintiff Tina Broussard from Defendant were done utilizing an automated dialer.

22. Defendant did not have Plaintiff's consent to make the telephone calls as Plaintiff revoked any consent that may have existed.

23. Defendant's actions constitute violations of 47 U.S.C. § 227(b)(1)(A)(iii) to which their falls no exemption to their behavior.

**COUNT II**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CALIFORNIA CIVIL CODE § 1788.11(d)**

24. Plaintiff Tina Broussard repeats the allegations contained in paragraphs 1 through 23 and incorporates them as if set forth at length herein.

25. Defendant called Plaintiff Tina Broussard a minimum of two hundred ninety (290) times in the period of three months in order to annoy Plaintiff Tina Broussard.

26. Defendant would call Plaintiff as often as ten times per day.

27. Defendant's actions are in violations of § 1788.11(d) of the California Civil Code which prohibits causing a telephone to ring repeatedly or continuously to annoy the person called.

**COUNT III**
**ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**
**CALIFORNIA CIVIL CODE § 1788.11(e)**

28. Plaintiff Tina Broussard repeats the allegations contained in paragraphs 1 through 27 and incorporates them as if set forth at length herein.

29. Defendant called Plaintiff Tina Broussard a minimum of two hundred ninety (290) times in the period of three months in order to harass Plaintiff Tina Broussard.

30. Defendant would call Plaintiff as often as ten times per day.

31. Defendant's actions are in violation of § 1788.11(e) of the California Civil Code which prohibits communicating, by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute harassment to the consumer.

## **JURY TRIAL DEMAND**

32. Plaintiff demands a jury trial on all issues so triable.

WHEREFORE, Plaintiff respectfully request that this Court enter judgment against the Defendant, and on behalf of the Plaintiff, for the following:

a. That an order be entered declaring the Defendant's actions, as described above, in violation of the TCPA and the Rosenthal Fair Debt Collection Practices Act;

b. That judgment be entered in favor of Plaintiff Tina Broussard against Defendant for each and every violation of 47 U.S.C. § 227b(1)(A)(iii);

c. That the Court award treble damages to Plaintiff Tina Broussard for each and every violation of the TCPA the Court deems willful;

d. That judgment be entered in favor of Plaintiff Tina Broussard against Defendant for a violation of the Rosenthal Fair Debt Collection Practices Act;

e.  That the Court award statutory damages to Plaintiff Tina Broussard for the Rosenthal Fair Debt Collection Practices Act violations in accordance with § 1788.30(b) of the California Civil Code;

f.  That the Court grant such other and further relief as may be just and proper.

Dated: May 11, 2015

RESPECTFULLY SUBMITTED,
By:/s/ Rory Leisinger
Rory Leisinger, Esq.
4519 Los Feliz Blvd, #304
Los Angeles, CA 90027
Tel: 626-290-2868
Rory@leisingerlaw.com
Attorney for Plaintiff,
TINA BROUSSARD